[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11889
Non-Argument Calendar

_____

Agency Docket No. A95-220-784

FERNANDO ANIBAL SANTOS,

                                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                            Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(January 29, 2007)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Fernando Anibal Santos, a Uruguayan citizen, petitions for review of the

Board of Immigration Appeals' ("BIA's") orders dismissing his appeal from the

Immigration Judge's ("IJ's") order denying his application for asylum and withholding of removal. On appeal, Santos argues that he presented evidence sufficient to support his claim that he suffered from past persecution and that he testified credibly at his hearing.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or

2

(2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F .R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" a statutory factor. Najjar, 257 F.3d at 1287 (quotations omitted) (emphasis in original). An asylum applicant may not show merely that he has a protected factor, but must show that he was persecuted because of that factor. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). We have held that "persecution," as used to illustrate that an alien has suffered "past persecution," is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alterations omitted).

We review credibility determinations under the substantial evidence test, and "this court may not substitute its judgment for that of the [IJ] with respect to credibility findings." D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). In order to review a credibility determination, it must first be established that the IJ made an adverse credibility finding. See Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "IJ's must make clean

3

determinations of credibility." Id. (quotation omitted). Furthermore,

> the IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005)

(citations and quotations omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." If an applicant produces evidence beyond his own testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id.

In this case, the IJ cleanly made an adverse credibility finding which was supported by substantial evidence. Because Santos presented no documentary or other evidence of when the events occurred, his internal inconsistencies about timing and his lack of recall of the details of the incidents supported the adverse

4

credibility finding. For instance, Santos claimed that he was raped when he was attending night school and after the incident he went to the police station where his uncle worked. However, at the time that Santos was enrolled in night school, his uncle had been dead for two years. Additionally, he could not recall details about his incidents of persecution or provide any documents from any source to corroborate them. Therefore, there is substantial evidence supporting the IJ's finding that Santos failed to show that he suffered past persecution or had a well-founded fear of future persecution. Accordingly, Santos failed to establish that he was entitled to asylum. See Najjar, 257 F.3d at 1287. Likewise, Santos also failed to meet the more difficult standard used for withholding of removal. See id. at 1292-93.

**PETITION FOR REVIEW DENIED.**

5